# Exhibit "1"

Filed 2/8/2019 9:56 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace, Deputy



CAUSE NO.: 306,656-B

| | | |
|---|---|---|
| MARY E. AMAYA and<br>MARIANO AMAYA | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | 146TH JUDICIAL DISTRICT |
| TEXAS ROADHOUSE, INC. | § § § § | |
| Defendant. | § | BELL COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Mary E. Amaya and Mariano Amaya, hereinafter called Plaintiffs, complaining of and about Texas Road House, Inc., hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil procedure because of the complexity of issues involved in this case.

### CLAIM FOR RELIEF

2. Plaintiffs seek monetary relief over $250,000.00

### PARTIES AND SERVICE

3. Plaintiff, Mary Amaya, is an Individual whose address is 502 Bowen Avenue, Copperas Cove, Texas, 76522. The last three digits of her social security number are 4059.

4. Plaintiff, Mariano Amaya, is an individual whose address is 502 Bowen Avenue, Copperas Cove, Texas, 76522.

5. The last three digits of his social security number are 9953.

6. Defendant Texas Road House, Inc., a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Corporation Service Company 211, East 7th Street, Suite 620 Austin, Texas 78701, its registered office. Service of said Defendant as described above can be affected by personal service.

## JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limits of this court.

8. This court has jurisdiction over Defendant, Texas Roadhouse, Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Texas Roadhouse, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Plaintiff would show that Defendant, Texas Roadhouse, Inc., had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

10. Furthermore, Plaintiff would show that Defendant, Texas Roadhouse, Inc., engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code; in that said, Defendant committed a tort in whole or in part in Texas.

11. At all times material hereto, Defendant, Texas Roadhouse, Inc., conducted a restaurant business in Killeen, Texas, Bell County, Texas, and thus has submitted to the jurisdiction of this Court.

12. Venue in Bell County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

13. At all times material hereto, Defendant, Texas Roadhouse, Inc., was the owner of the premises located at 3709 E. Central Texas Expressway, Killeen, Texas 76543.

14. On February 10, 2017 Plaintiff Mary E. Amaya entered upon said premises for the purpose of dining at the Defendant's establishment. She entered on the said property of the Defendant at the invitation of the Defendant to engage in the act of dining.

15. During the time that Mary E. Amaya was upon the Defendant's property, Mary E. Amaya retained serious injuries after she fell on a wet surface near the service area while going to use the restroom located in Texas Roadhouse restaurant.

16. Mary E. Amaya's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew, or in the exercise of ordinary care, should have known existed.

## LIABILITY OF DEFENDANT TEXAS ROADHOUSE, INC.

17. At all times mentioned herein, Defendant, Texas Roadhouse, Inc., owned and/or operated the property in question, located at 3709 E. Central Texas Expressway, Texas 76543.

18. At all times mentioned herein, Defendant, Texas Roadhouse, Inc., had such control over the premises in question that Defendant, Texas Roadhouse, Inc., owed certain duties to the Plaintiff, the breach of which proximately caused the injuries set forth herein.

19. Defendant, Texas Roadhouse, Inc., Defendant's agents, servants, and employees, negligently permitted the floor to become slippery with the water, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant Texas Roadhouse, Inc. or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was the likelihood of a person being injured as occurred to Plaintiff.

20. Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendant, Texas Roadhouse, Inc., or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

21. At all times pertinent herein, Defendant, Texas Roadhouse, Inc., and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

    A. Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

    B.    Failing to maintain the floor in a reasonably safe condition;

    C.    Failing to remove the water causing the slip and fall; and

    D.    Failing to discover and remove the water within a reasonable time.

## PROXIMATE CAUSE

22. Each and every, all and singular of the foregoing acts and omissions, on the part of the Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## AGENCY

23. Whenever it is alleged that the Defendant named herein did any act or thing, it is meant that he Defendant and/or the Defendants' agents, servants, employees, and representatives, did such act or thing with full authorization and ratification, or was done in the normal and routine course and scope of employment.

## DAMAGES

24. As a direct and proximate result of the occurrence made the basis this lawsuit, Plaintiff, Mary E. Amaya, was caused to suffer bodily injuries and to incur the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Mary E. Amaya, the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bell County, Texas;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

      a.    Physical pain and suffering in the past;

      b.    Physical pain and suffering in the future;

      c.    Physical impairment in the past;

C.    Physical impairment which, in all reasonable probability, will be suffered in the future; and

      a.    Loss of earnings in the past;

D.    Loss of earning capacity which will, in all probability, be incurred in the future;

E.    Loss of consortium in the past including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

F.    Loss of consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

G.    Loss of services in the past and loss of services which, in reasonable probability, will incur in the future;

      a.    Mental anguish in the past; and

      b.    Mental anguish in the future.

26.    As a direct and proximate result of the occurrence made the basis this lawsuit, Plaintiff, Mariano Amaya, was caused to suffer and to incur the following damages:

A.    Loss of consortium in the past including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

B.    Loss of consortium in the future including damages to the family

...

relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

C. Loss of services in the past and loss of services which, in reasonable probability, will incur in the future.

## EXEMPLARY DAMAGES

27. Plaintiffs allege and complain that when viewed objectively from the standpoint of the Defendant, at the time of the occurrence, their conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, the Defendant was, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Teresa Kahookele, which constitutes gross negligence as that is defined pursuant §41.001 (7&11), Texas Civil Practice and Remedies Code. Therefore, Plaintiffs seek exemplary damages in an amount to be determined by the trier of fact.

## JURY DEMAND

28. Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## REQUEST FOR DISCLOSURE

29. Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Mary E. Amaya and Mariano Amaya, respectfully pray that the Defendant, Texas Roadhouse, Inc., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against the Defendant, for damages in an amount within the

jurisdictional limits of the Court and/or as stated above, and, as addressed to the Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

STEVEN R. BOOKER, P.C.

By: /s/ Steven R. Booker

Steven R. Booker
Texas Bar No. 00796230
824 Sheppard Road
Burkburnett, Texas 76354
Telephone: (940) 569-4000
Facsimile: (940) 569-4007
thebookerfirm@gmail.com

**ATTORNEY FOR PLAINTIFFS**